# Authority to Solicit Gifts

The express statutory authority to accept gifts, contained in section 403(b)(1) of the Office of
Government Ethics Authorization Act of 1996, includes the implied authority to solicit gifts.

January 19, 2001

MEMORANDUM OPINION FOR THE DIRECTOR
OFFICE OF GOVERNMENT ETHICS

This memorandum responds to your request for our opinion whether section 403(b)(1) of the Office of Government Ethics Authorization Act of 1996 authorizes the Office of Government Ethics ("OGE") to solicit gifts. We conclude that the express statutory authority contained in section 403(b)(1) to accept gifts includes the implied authority to solicit gifts.

Section 403(b)(1) provides that "[t]he Director is authorized to accept and utilize on behalf of the United States, any gift, donation, bequest, or devise of money, use of facilities, personal property, or services for the purpose of aiding or facilitating the work of the Office of Government Ethics." Pub. L. No. 104-179, 110 Stat. 1566 (1996) (codified as amended at 5 U.S.C. app. § 403(b) (Supp. IV 1998)). You have asked "whether this express authority to 'accept and utilize' a gift implies the authority to solicit a gift." Letter for Randolph D. Moss, Acting Assistant Attorney General, Office of Legal Counsel, from Stephen D. Potts, Director, Office of Government Ethics at 1 (July 30, 1999).

## I.

We have previously considered this basic question in connection with our issuance of two written opinions. The opinions did not resolve the question, however. Although we concluded in each opinion that the relevant agency had the authority to solicit gifts, we based our conclusions on the language and structure of the particular statutes in question, which contained specific additional language—beyond the general gift acceptance language of a provision like section 403(b)(1)—supporting the existence of solicitation authority. *See* Memorandum for Bernard N. Nussbaum, Counsel to the President, from Walter Dellinger, Assistant Attorney General, Office of Legal Counsel, *Re: Authority to Solicit Gifts* (Dec. 9, 1993) ("Nussbaum Opinion") (solicitations by National Endowment for the Arts and National Endowment for the Humanities); *Establishment of the President's Council for International Youth Exchange*, 6 Op. O.L.C. 541 (1982) (solicitation by United States Information Agency).[1] The General Accounting

---

[1] You cited the Nussbaum Opinion in your letter. In that opinion, we concluded that the gift acceptance provision in the National Foundation on the Arts and the Humanities Act of 1964, which

Office has viewed this implied solicitation authority question as unsettled. *See* General Accounting Office, 2 *Principles of Federal Appropriations Law* 6-147 (2d ed. 1992) ("[a] question which appears to have received little attention is whether an agency with statutory authority to accept gifts may use either appropriated funds or donated funds to solicit the gifts").

Although no written opinion of this Office has resolved the question whether express statutory authority to accept gifts includes the implied authority to solicit gifts, we did provide oral advice on this question in 1997 in connection with gift acceptance language in 28 U.S.C.A. § 524(d)(1) (West Supp. 1997) that was very similar to section 403(b)(1). Section 524(d)(1) provided that "[t]he Attorney General may accept, hold, administer, and use gifts, devises, and bequests of any property for the purpose of aiding or facilitating the work of the Department of Justice." We determined in 1997 that, as of 1996, when Congress enacted the Justice Department provision, a number of other federal agencies had been operating for many years under substantially the same general statutory language and had interpreted the language to contain an implicit grant of authority to solicit gifts. We confirmed this longstanding administrative construction by discussing the subject with attorneys in the general counsel offices of the Departments of State, Treasury, and Commerce—agencies that had all engaged in the solicitation of gifts on the basis of general gift acceptance provisions that say no more than that the agency "may accept gifts," and that in the case of Treasury and Commerce were virtually identical to the Justice provision.[2] We also learned that these provisions were all enacted well before the Justice Department provision.[3]

The State Department's interpretation that its gift acceptance authority includes the authority to solicit gifts is reflected in Department regulations, *see* 2 FAM 960 ("Official Gifts to the Department of State"); 2 FAM 965 ("Solicitation"), and

---

did not explicitly authorize solicitation, nonetheless authorized the National Endowment for the Arts and the National Endowment for the Humanities to solicit gifts. In reaching that conclusion, we relied on two rationales: (1) the solicitation authority might be inferred from the need for coordination of public and private support for the Endowments that was made clear by the text and structure of the statute; and (2) the longstanding administrative construction of the statute by the Endowments had been that it included solicitation authority. In the circumstances, we did not need to consider whether a broader rationale was available.

[2] *See* 22 U.S.C. § 2697(a) (1994) ("The Secretary of State may accept on behalf of the United States gifts made . . . for the benefit of the Department of State . . . or for the carrying out of any of its functions."); 31 U.S.C.A. § 321(d)(1) (West Supp. 1997) ("The Secretary of the Treasury may accept, hold, administer, and use gifts and bequests of property, both real and personal, for the purpose of aiding or facilitating the work of the Department of the Treasury."); 15 U.S.C. § 1522 (1994) ("The Secretary of Commerce is hereby authorized to accept, hold, administer, and utilize gifts and bequests of property, both real and personal, for the purpose of aiding or facilitating the work of the Department of Commerce.").

[3] *See* Foreign Service Act of 1980, Pub. L. No. 96-465, § 2201, 94 Stat. 2071, 2153 (most recent enactment); Deficit Reduction Act of 1984, Pub. L. No. 98-369, div. A, § 445, 98 Stat. 494, 816; Commerce Dept. Gift Acceptance Act, Pub. L. No. 88-611, § 1, 78 Stat. 991, 991 (1964).

State informed us that it has long engaged in solicitation, including an active fundraising campaign in the 1980s by its Fine Arts Committee to raise funds to renovate State's diplomatic reception rooms. We learned from the Treasury Department that under gift acceptance authority conferred by statute in 1984, its Committee for the Preservation of the Treasury Building engaged in a fundraising campaign in 1986-1987. Treasury provided us with Treasury memoranda from 1986 that outline its solicitation plans and record its consultations with State about its solicitation practices over the years. Finally, we learned from the Commerce Department that it had an unwritten policy of soliciting gifts. Commerce once solicited funds for a particular program through a Federal Register notice, and Congress responded by enacting an appropriations rider prohibiting solicitation for that program where there would be a conflict of interest. That rider did not challenge the basic proposition that Commerce had the general authority to solicit gifts.

In summary, we determined in the course of our 1997 review of this issue that the Departments of State, Treasury, and Commerce had long understood their general statutory authority for gift acceptance to include the authority to solicit gifts. We concluded as a legal matter that Congress's enactment of the Justice Department's gift acceptance provision in 1996 should be interpreted against the background of this longstanding and publicly available administrative construction of substantially the same statutory language. We therefore concluded that the Justice Department's express authority to accept gifts also included the implicit authority to solicit gifts.[4]

## II.

We reach the same conclusion with respect to the OGE statutory provision. Like the Justice Department provision, it was enacted in 1996 and should be interpreted against the background of the longstanding administrative construction of similar gift acceptance statutory language. *Cf. Lorillard v. Pons*, 434 U.S. 575, 580-81 (1978) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change . . . . So too, where, as here, Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute.") (citations omitted). The statutory provision authorizing the OGE Director to "accept and utilize" gifts is substantially the same as the Justice Department provision authorizing the Attorney General to "accept . . . and use" gifts, as well as the provisions concerning the Departments of State, Treasury,

---

[4] This interpretation is reflected in a Department of Justice order. *See* DOJ Order 2400.2, Solicitation and Acceptance of Gifts to the Department (Sept. 2, 1997).

and Commerce that are discussed above. The legislative history of the OGE provision does not discuss the question of soliciting gifts, and we have found nothing in that legislative history that suggests a basis for not following the longstanding Executive Branch administrative construction of gift acceptance legislation.

When Congress passed OGE's gift provision in 1996, the Executive Branch's consideration of similar provisions had been, as explained above, the basis for quite public solicitation efforts by federal agencies. Congress's enactment of OGE's provision should be interpreted in light of those public efforts.

Accordingly, for the foregoing reasons, we conclude that OGE's statutory authority to accept and utilize gifts includes the implied authority to solicit gifts.

RANDOLPH D. MOSS
*Assistant Attorney General*
*Office of Legal Counsel*
